NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRISTOPHER MICHAEL LARSEN, | No. 18-55398 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:16-cv-02847-JM-AGS |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted May 12, 2022[**]
Pasadena, California

Before: IKUTA and NGUYEN, Circuit Judges, and DANIELS,[***] District Judge.

Christopher Michael Larsen appeals pro se the district court's affirmance of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable George B. Daniels, United States District Judge for the Southern District of New York, sitting by designation.

the Commissioner of Social Security's denial of his application for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.[1]

1. Larsen fails to establish he was prejudiced by the Agency's use of incorrect letterhead for supplemental social security income instead of disability insurance benefits as his untimely request for reconsideration was accepted and he successfully obtained review before an administrative law judge ("ALJ") and the district court. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("Reversal on account of error is not automatic, but requires a determination of prejudice."). Larsen has similarly not shown how the delay in his receiving a report from consultative psychiatric examiner Dr. Clark affected the ALJ's ultimate nondisability determination, particularly as Larsen's attorney had access to the report and urged the ALJ to disregard it, which the ALJ largely did. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (error is harmless when "inconsequential to the ultimate nondisability determination" (citations omitted)).

2. To the extent Larsen alleges that the ALJ was biased, he does not show that the ALJ's behavior reflected a clear inability to render fair judgment and thus does not rebut the presumption of impartiality. *See Rollins v. Massanari*, 261 F.3d

---

[1] Larsen's motion for summary disposition (Docket Entry No. 25) is denied.

853, 857–58 (9th Cir. 2001) (claimant must "show that the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment").

3. Larsen contends that the ALJ erred in discounting his testimony as to his disabling pelvic pain. We disagree. The ALJ provided specific, clear, and convincing reasons to discount Larsen's testimony because there was a lack of objective medical evidence corroborating the degree of pain alleged, his symptoms improved with treatment, there was an unexplained absence of treatment for a portion of the closed period, and his daily activities cut against his allegation of disabling pain. These are valid reasons to discredit a claimant's testimony. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (the ALJ may consider a lack of objective medical evidence as one factor in the credibility determination and may also consider the effectiveness of pain medication or other treatment); *Molina,* 674 F.3d at 1112–13 (in assessing credibility, the ALJ may consider the claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment" and participation in activities that "contradict claims of a totally debilitating impairment" "[e]ven where those activities suggest some difficulty functioning" (citation omitted)). Any error in the ALJ's additional reasons for discounting Larsen's symptom testimony was harmless. *See Molina*, 674 F.3d at 1115.

4. Larsen fails to identify any prejudicial error in the ALJ's assessment of the medical opinion evidence. The ALJ did not err by relying on the opinions of state agency consultants G. Taylor-Holmes, M.D., H. Amado, M.D., K. Ragsdale, Ph.D., and L. Naiman, M.D. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."). Nor did the ALJ err by failing to order a physical consultative examination prior to rendering his decision. Larsen does not identify any ambiguity or inadequacy in the medical record requiring such further development. *See McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011).

5. We reject Larsen's argument with respect to the vocational expert's qualifications. The expert was qualified to "translate[] factual scenarios into realistic job market probabilities." *Sample v. Schweiker,* 694 F.2d 639, 643 (9th Cir. 1982).

**AFFIRMED**.